Magistrate Judge Brian A. Tsuchida

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        AUG 08 2023

          AT SEATTLE
     CLERK U.S. DISTRICT COURT
  WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. MJ23-402 |
| Plaintiff | |
| v. | COMPLAINT for VIOLATION |
| Edgar Alejandro ZATARAIN RODRIGUEZ, | Title 21, United States Code, Sections |
| Iker Daniel CASTILLO SARABIA, and | 841(a)(1) and 841(b)(1)(B) and Title 18 |
| Mateo De Jesus GONZALEZ GARCIA, | United States Code, Section 2 |
| Defendants. | |

BEFORE, Brian A. Tsuchida, United States Magistrate Judge, U. S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT ONE

### (Possession of Controlled Substances with Intent to Distribute)

On or about August 8, 2023, in King County, within the Western District of Washington, and elsewhere, defendants Edgar Alejandro ZATARAIN RODRIGUEZ, Iker Daniel CASTILLO SARABIA, and Mateo De Jesus GONZALEZ GARCIA, did knowingly and intentionally possess with intent to distribute, and aid and abet the

1  possession of with intent to distribute, controlled substances including: N-phenyl-N-[1-
2  (2-phenylethyl)-4-piperidinyl] propanamide (Fentanyl) and cocaine, substances
3  controlled under Title 21, United States Code.

4       It is further alleged that the offense involved 40 grams or more of a mixture or
5  substance containing a detectable amount of Fentanyl, in violation of Title 21, United
6  States Code, Sections 841(b)(1)(B).

7       All in violation of Title 21, United States Code, Sections 841(a)(1) and 841 and
8  Title 18 United States Code Section 2.

9

10      And the complainant states that this Complaint is based on the following
11  information:

12      I, Eric C. Rodenberg, being first duly sworn on oath, depose and say:

13                    **AGENT BACKGROUND AND INTRODUCTION**

14      1.    I am an "investigative or law enforcement officer of the United States"
15  within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of
16  the United States who is empowered by law to conduct investigations of, and to make
17  arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am a
18  Special Agent of the United States Department of Justice, Drug Enforcement
19  Administration (DEA), and have been so employed since August 2019. I am currently
20  assigned to the DEA Seattle Field Division, Tacoma Resident Office.

21      2.    I received 16 weeks of specialized drug law enforcement training at the
22  DEA training academy in Quantico, Virginia, from August 2019 to December 2019. The
23  training curriculum covered all aspects of drug investigations, including identification of
24  controlled substances, physical and electronic surveillance, utilization of confidential
25  sources, interview techniques, undercover operations, financial investigations, and the
26  general operation of drug trafficking organizations.

27

Complaint - 2
*United States v. ZATARAIN RODRIGUEZ et al/* MJ23-402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.      As a Special Agent, I have been involved in the investigation of individuals and organizations involved in the manufacture, transportation and distribution of controlled substances. I have participated in the execution of search warrants for violations of federal and state drug laws. I have conducted surveillance operations and have become familiar with the methods used by individuals engaged in the manufacture, transportation and distribution of controlled substances. I have also consulted with other Special Agents that have monitored informant conversations with drug traffickers, and have monitored drug-related conversations between drug traffickers as part of court-authorized interception of wire communications.  In light of the foregoing, I am familiar with the manner in which illegal drugs are manufactured, transported, stored, and distributed; the methods of payment for such drugs; and the methods of laundering drug proceeds.

4.      Prior to working for the DEA, I was employed with the Kent Police Department in Kent, WA. I was assigned to the patrol division from June 2018 to August 2019. While working at the Kent Police Department, I came in contact with individuals using and selling drugs on a daily basis. As such, I became familiar with the different tactics used to conceal drugs as well as the different methods used to transport and speak about drugs. This includes the use of coded language when speaking about drugs, which is a common way for drug dealers and users to communicate.

5.      Prior to working with the Kent Police Department, I was employed with the Missouri State Highway Patrol (MSHP) from July 2013 to May 2018. While working with the MSHP, I received over 1400 hours of specialized law enforcement training at the MSHP training academy. The curriculum covered subjects such as investigative skills, interview and interrogation techniques, enforcement of various laws, building searches, firearms marksmanship, and physical training. Following the academy, I enrolled in the Drug Recognition Expert (DRE) program, and was trained to identify drugs and the physical symptoms associated with their use.

Complaint - 3
*United States v. ZATARAIN RODRIGUEZ et al/* MJ23-402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6.      The facts set forth in this affidavit arise from my personal and direct participation in the investigation, my experience and training as a DEA Special Agent, my conversations with witnesses and other law enforcement personnel, including consultations with other agents participating in this and related investigations, and my review of relevant documents and reports. I have not included every fact known to me or other investigative personnel concerning this investigation. My specialized training and experience in drug investigations as well as the assistance and input of experienced fellow investigators, form a basis for my opinions and conclusions, which I drew from the facts set forth herein.

7.      As set forth below, there is probable cause to believe that defendants Edgar Alejandro ZATARAIN RODRIGUEZ, Iker Daniel CASTILLO SARABIA, and Mateo De Jesus GONZALEZ GARCIA committed the counts alleged above. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included every fact known concerning this investigation. I have set forth only the facts I believe are essential for a fair determination of probable cause.

## SUMMARY OF PROBABLE CAUSE

8.      On August 8, 2023, members of the Drug Enforcement Administration Seattle Field Division and Tacoma Resident Offices executed a search warrant at the garage located at 2414 S 144th St, Seatac, WA. The garage had been converted into a residential unit. The garage door had been replaced by a wall and there was a kitchen and two bedrooms and a bathroom inside the garage. Inside the garage agents found three occupants. One was near the main door of the structure, later identified as Iker Daniel CASTILLO SARABIA. The other two were inside the first bedroom to the left, which had two blow-up mattresses inside they were sleeping on. They were later identified as Edgar Alejandro ZATARAIN RODRIGUEZ and Mateo De Jesus GONZALEZ GARCIA.

Complaint - 4
*United States v. ZATARAIN RODRIGUEZ et al/* MJ23-402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      During the search of the structure, agents found the following suspected narcotics which were located in multiple duffel bags in the living/kitchen area and the second bedroom. The second bedroom was not occupied by anyone. Agents found approximately 8,980 gross grams of blue pills marked M-30 and suspected to be fentanyl[1], approximately 556 gross grams of a brown tar substance suspected to be heroin, approximately 6,265 gross grams of a white powder which agents suspect to be fentanyl powder, and approximately 189 gross grams of a white powder which agents suspect to be cocaine. The suspected cocaine was later field tested with a presumptive positive result for cocaine.

10.      Lakewood PD Detective Jason Catlett and myself spoke with the three occupants found in the structure. Detective Catlett is fluent in Spanish. All three occupants were read their Miranda warnings separately and all three agreed to speak to law enforcement officers. The first individual spoken to was GONZALEZ GARCIA. GONZALEZ GARCIA admitted that he was selling illegal drugs in the Western Washington area. When asked how he typically sold the drugs, GONZALEZ GARCIA said he would receive information from someone over the phone, whom he only knew as "Manny." This person would tell him where to go when a drug deal was set up. GONZALEZ GARCIA said that he would receive more drugs every couple days. Shortly thereafter, GONZALEZ GARCIA said that he was still willing to talk, but that he wanted to hear what kind of deal could be offered to him. At this point, the conversation was ended.

11.      The second individual spoken to was ZATARAIN RODRIGUEZ. ZATARAIN RODRIGUEZ admitted that he had been up in the Western Washington area selling drugs for a couple of months. ZATARAIN RODRIGUEZ said that he was originally spoken to by someone who identified himself as "Bogatine" down in Mazatlan. Once in Western Washington, ZATARAIN RODRIGUEZ also said he was contacted by

---

[1] Although these pills were not field tested by agents, they appeared to be similar to the blue M-30 pills purchased and/or seized on many occasions by agents. They type of pills have tested positive for the presence of fentanyl. Based on my training and experience, I believe these pills contain fentanyl.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

an individual who identified himself as "Manny." ZATARAIN RODRIGUEZ said he would be called by Manny every day and Manny would tell him how much (drugs) to prepare for the day, as well as how much money to collect. ZATARAIN RODRIGUEZ said that GONZALEZ GARCIA would be contacted every couple of days by someone known as "HERNANDEZ" driving a silver sedan. HERNANDEZ would re-supply them with drugs during each visit. ZATARAIN RODRIGUEZ said he never had contact with HERNANDEZ himself, that it was always GONZALEZ GARCIA.

12.     The third individual spoken to was CASTILLO SARABIA. CASTILLO SARABIA was initially not forthcoming with information, but soon admitted that he was in Western Washington to sell illegal narcotics. CASTILLO SARABIA said that he has been in the area for a couple weeks and is staying in different motels/hotels in the area. CASTILLO SARABIA said that he gets switched to different motels/hotels every few days. CASTILLO SARABIA said that he typically sells to "white" customers in the area. He said that every day he will meet someone who gives him a case (as he described it) with drugs inside to sell that day. CASTILLO SARABIA said that every day he is told to erase the phone numbers that contacted him during that day. CASTILLO SARABIA said that he was currently not in a hotel and was here washing his clothes. He said he expected to be here another night and then would be put back in a motel/hotel.

//

//

//

Complaint - 6
*United States v. ZATARAIN RODRIGUEZ et al/* MJ23-402

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

13.     Based on the above facts, I respectfully submit that there is probable cause to believe that Edgar Alejandro ZATARAIN RODRIGUEZ, Iker Daniel CASTILLO SARABIA, and Mateo De Jesus GONZALEZ GARCIA did knowingly and intentionally possess with intent to distribute controlled substances, including fentanyl, cocaine, and heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Eric C. Rodenberg, Complainant
Special Agent, DEA

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

Dated this 8th day of August, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

Complaint - 7
*United States v. ZATARAIN RODRIGUEZ et al/* MJ23-402